**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonard Lebron MYREE,**
**Defendant–Appellant.**

**No. 02–5332.**

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 2003.

Before NELSON, RYAN, and CLAY, Circuit Judges.

## ORDER

The defendant appeals the judgment of sentence for felon in possession of a firearm. After the defendant and the United States had filed proof briefs in this appeal, the defendant separately moved to remand to the district court for resentencing. The United States has agreed to such a remand within its brief, but has not responded to the motion for remand.

The defendant was charged with three counts under 18 U.S.C. § 922(g)(1). The first count was based on the 1999 seizure of two weapons from the defendant. The second and third counts arise from a single incident in 2000 in which a .380 caliber weapon and .380 caliber ammunition were seized. The defendant was convicted of all three counts. At sentencing, the district court imposed a 78–month sentence for Count I, a 78–month sentence for Count II, and a 79–month sentence for Count III, all to run consecutively.

On appeal, the defendant argues that the district court erred in failing to merge the sentences on Counts II and III for the simultaneous possession of a firearm and its ammunition. The United States agrees.

The simultaneous possession of a firearm and ammunition may be prosecuted under separate counts, but such counts merge at sentencing. *United States v. Throneburg,* 921 F.2d 654, 656–57 (6th Cir. 1990); *see also United States v. Love,* 125 F.3d 856 (6th Cir.1997) (unpublished per curiam) (sentence under separate counts for possession of firearm and ammunition vacated and remanded for entry of judgment and sentencing on a single count); *United States v. Hebeka,* 25 F.3d 287, 291 (6th Cir.1994) (vacating and remanding for sentencing on a single count of food stamp fraud). In light of this precedent, the district court erred in entering individual sentences on Counts II and III. The defendant and the United States further agree that the remaining issues raised on this appeal need not be addressed at this time by this court. Such issues may be raised before the district court upon resentencing.

Therefore, the defendant's motion for a remand hereby is GRANTED. The defendant's sentence is vacated, and this matter is remanded to the district court for resentencing.